## JOHN D. REED v. THE STATE.

### *No. 104. Decided April 12.*

1. **Juror — Competency of.**—Where a juror stated, on his voir dire exam-ination, that a party related the circumstances of the homicide, and that he, the juror, believed the statements were true, had formed an opinion which it would require evidence to remove, but the opinion was not such as would influence his verdict, and he could give the defendant as fair and impartial a trial as if he had heard nothing of the case; *held*, that the juror was clearly competent, and that there was no abuse of judicial discretion in empanelling him.

2. **Threats — Apparent Danger — Charge of Court.**—See special re-quested instructions which the court gave with reference to threats and apparent danger, which, in the opinion of the court, are held amply sufficient to cover the law upon those issues.

3. **Charge as to Defendant's Testimony.**—On a trial for murder, where the defendant had testified in his own behalf, and his counsel requested the court to instruct the jury, that "The defendant having testified in this cause in his own behalf, he stands in the same relation to the case as any other witness, and his testimony is entitled to be considered and weighed by you in making up your verdict in this case the same as any other witness in this case:" *Held*, that the court properly refused said instruction, as being obnoxious to the objection, that it would be suggesting to the jury a doubt as to the veracity of the witness. Following Gibbs case, 20 S. W. Rep., 920.

APPEAL from the District Court of Hamilton. Tried below before Hon. C. K. BELL.

Upon his trial, under an indictment charging him with the murder of J. F. Richardson, appellant was found guilty of murder in the second degree, with his punishment affixed at a period of ten years in the peni-tentiary.

There was no eye-witness to the homicide, and the important facts con-nected therewith are briefly but sufficiently stated in the opinion of the court, in so far as they are developed by the evidence.

The special requested instructions which were given with regard to the threats and apparent danger, and which, in the opinion of the court, are held to sufficiently cover the law as to those phases of the case, are as follows, viz.:

"1. If you believe from the evidence, that at the time the defendant fired the fatal shot it reasonably appeared to him from the acts and demon-strations of the deceased, or from the words of the deceased, coupled with his acts and demonstrations, viewed from the standpoint of the de-fendant and no other, that the deceased was then about to shoot him with a pistol, he, the defendant, was justified in killing the deceased, although in fact you may believe from the evidence that the deceased had no pistol, and that the defendant at the time was in no danger of being shot by the deceased; and if you so believe you will acquit the defendant.

" 2. If you believe from the evidence, that the deceased, at or immediately preceding the time the fatal shot was fired, did some act which was reasonably calculated, in view of all the circumstances of the case as they appeared to defendant from his standpoint and no other, to produce in the mind of the defendant the belief that the deceased was then about to execute a threat made by him, the deceased, to take the life of the defendant, or to do him some serious bodily harm, if such a threat was made, the defendant was justified in acting upon such appearance of danger, and you will acquit him."

*J. A. Eidson*, for appellant, filed an able printed brief in the case.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of murder in the second degree, and sentenced to ten years in the penitentiary, from which he appeals to this court. There are two questions relied upon for reversal:

1. Because an incompetent juror sat in the case. The juror stated on his voir dire that he had heard a person (not a witness in the case) relate the circumstances of the homicide, as told him by witnesses, and, believing the statements were true, he had formed an opinion which it would require evidence to remove, but the opinion was not such as would influence his verdict. On being examined further by the court, he stated his opinion was formed from hearsay and newspaper reports, and he had no fixed opinion as to the defendant's guilt or innocence, though he had the opinion before stated, but could give the defendant as fair and impartial a trial as if he had read and heard nothing of the case. We think the juror was clearly competent, and that there was no abuse of judicial discretion in empanelling said juror. Suit's case, 30 Texas Cr. App., 319; Ashton's case, 31 Texas Cr. Rep., 479; Miller's case, 31 Texas Cr. Rep., 609. The fact that three years had elapsed since the homicide tends to prove the competency of the juror to give a fair trial, rather than a disqualification, as insisted by appellant. If the fact that a juror retained a conclusion as to defendant's guilt or innocence for three or four years, standing alone, is to be regarded as proving the existence of a fixed opinion, there would be few competent persons to be found in the vicinage of a homicide.

2. Appellant complains of the charge of the court in various particulars. A careful examination of the charge shows that whatever error was committed is cured by the special charge given by the court at appellant's request. The only defense was that of apparent danger. The charge emphasized the defense, and fairly presented it to the jury. There was no exception reserved to the general charge. The court charged on murder in the first and second degrees, manslaughter, and self-defense. The

homicide occurred in a room in the rear of a saloon; only deceased and appellant being present. There were three persons in the saloon at the time, only twenty feet from the parties, and no quarrelling was heard. The saloon keeper alone said he heard deceased say something about pulling a pistol an instant before the pistol fired. Appellant came running out. Deceased was shot through the head and killed. The saloon keeper says a few minutes before the killing he had left them in the back room, to wait on customers, and they were then disagreeing about an account, but were not apparently angry. Deceased was unarmed. Appellant testified, that they were disputing about an account, and he told deceased that he lied; that deceased rose to his feet and said, "Draw your pistol," and ran his right hand down by his side; that, thinking he was going to shoot, he (appellant) jerked out his pistol and fired, and fled, and was subsequently arrested in Nolan County; that he had been warned that deceased was a dangerous man, and had threatened to kill him. The special charge asked by appellant and given by the court fully covered the question of threats and apparent danger. The jury disbelieved the statement of appellant, and found him guilty of murder in the second degree, and the evidence strongly supports the conclusion.

3. There was no error in refusing to give the second special instruction. Gibbs v. The State, 20 S. W. Rep., 920. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.