## SAM VENTERS v. THE STATE.

### No. 3060.    Decided November 23, 1904.

**1.—Murder—Evidence—Bloody Clothes—Identification.**

Where the evidence showed beyond controversy that the shirt introduced in evidence was taken from the body of deceased a few hours after his death, there was no error, on the ground that it was not sufficiently identified, in admitting it in evidence.

**2.—Same—Insulting Conduct to Female Relatives.**

Where the defense was along the line of insulting conduct of deceased towards defendant's wife, there was no error in excluding testimony that the deceased had been intimate with the wives of others, not being within the scope of the law creating adequate cause.

**3.—Charge of the Court—Express Malice—Harmless Error.**

Where appellant had been acquitted of murder in the first degree, there was no error in failing to correctly charge on express malice.

**4.—Same—Implied Malice—Definition of Malice.**

Where implied malice had been correctly given in the definition of malice, there was no merit in the criticism of the charge on implied malice as applied in a charge on murder in the second degree.

**5.—Same—Manslaughter—Adequate Cause—Latter Cause.**

Where the evidence showed that the wife of appellant informed him first of one cause of provocation, and after the meeting of him and deceased, informed him of another, the court should have submitted a charge on this phase of the case.

**6.—Same—Several Causes For Provocation—The Latter Cause Controlling But Not Exclusive.**

It is a familiar rule that wherever two causes of provocation exist, the killing would be implied to the latter, rather than the former cause, and the jury should have been told that they could look, under such circumstances, to the preceding insulting conduct which might tend to inflame appellant's mind, in the light of the second communication from his wife.

Appeal from the District Court of Hunt.    Tried below before Hon. H. C. Conner.

Appeal from a conviction of murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

The opinion sufficiently states the case.

*H. D. Wood,* for appellant.—Without lengthening this argument, and for the sake of brevity, we now refer this court to a line of decisions without quotations from same, or comment thereon, which we think are absolutely conclusive as to appellant's contention on the issue of manslaughter, being in this case, and that the trial court committed radical and fundamental error in refusing appellant's special charge.    Elexander v. State, 40 Texas Crim. Rep., 395; Williams v. State, 40 Texas Crim. Rep., 565; Martin v. State, 40 Texas Crim. Rep., 660 (this case is specially applicable to this case on the character of appellant and deceased) ; Byrd v. State, 39 Texas Crim. Rep., 609.

*Howard Martin,* Assistant Attorney-General, and *Looney & Clark,* for the State.—On proposition of manslaughter: Massie v. State, 30 Texas Crim. App., 64; Wolfforth v. State, 31 Texas Crim. Rep., 387; Evers v. State, Id., 318; Pitts v. State, 29 Texas Crim. Rep., 374; McComas v. State, 75 S. W. Rep., 533.

DAVIDSON, PRESIDING JUDGE.—Appellant was given twenty-five years for murder in the second degree. During the trial, the court, over appellant's objection, permitted "the bloody shirt" taken from the body of deceased to be introduced in evidence before the jury. The objection urged was that it was not sufficiently identified as that worn by deceased at the time he was shot. This objection is not well taken. The proof is beyond controversy that the shirt was taken from the body of deceased a few hours after his death. This being the only objection urged, the introduction of this evidence is not discussed from any other standpoint.

Appellant defended against murder by introducing insulting conduct towards his wife. Along this line the reputation of deceased as being lascivious lecherous and a libertine was admitted. It was further proposed to prove by Howard Mason and Leggin, that deceased had been intimate with their wives to such an extent that each had obtained a divorce from his wife for that reason. This was excluded, and error assigned. We believe the action of the court was correct in rejecting this testimony.

The court's charge in reference to express malice is criticised as being too general. It is not necessary to discuss this because of the acquittal of the first degree of murder.

Nor was there any error in that portion of the charge complained of in regard to implied malice. The criticism is sought to be imposed upon that portion of the charge in a general way informing the jury that, if defendant upon his implied malice killed deceased, he would be guilty of murder in the second degree. Implied malice had been correctly given in the definition of malice.

Nor do we think there is any merit in the criticism of the court's charge complained of in regard to self-defense.

The charge on manslaughter is criticised as being too general, too broadly stated, and does not inform the jury pertinently as to the law applicable to the immediate facts bearing upon that phase of homicide, and to meet the actual circumstances of the testimony, a special charge was drawn, requested and refused. The testimony bearing upon this, in substance is, that on the morning preceding the homicide, at the request of his wife, appellant paid off and discharged deceased, who had been in his employ. Defendant left his residence for a short time that morning, and while he was away, deceased approached the wife of appellant, and requested her to have intercourse with him. This she declined, and he undertook to kiss her. This she resisted. He then caught hold of her, threw her upon the bed, and undertook to ravish her. Soon after defendant returned to his residence, and he and his wife left home, going

to the residence of his father-in-law. While there, and before deceased appeared at this point, appellant's wife informd him that deceased that morning requested her to have sexual intercourse with him, and attempted to kiss her. A subsequent conversation occurred between appellant and deceased in regard to this matter, in which deceased was rather vile in his language and threatened appellant. Appellant left his father-in-law's, but returned, having determined to go to see the sheriff with regard to the matter, and ascertain whether deceased could not be prevented from mistreating him. He secured the horse his wife had ridden and started away, but returned for some purpose; and upon his return, his wife called him and told him of the subsequent action of the deceased in throwing her upon the bed and seeking to ravish her. Appellant went away; armed himself with a shot-gun, and some cartridges, loaded with number six shot, and started, as he says, to see the sheriff; that he carried the gun to prevent an anticipated attack apprehended by reason of the threat of deceased. While going along the road in pursuance of his design to see the officer, deceased and some other parties approached him from the side of the road,—deceased.having a large knife in his hand four to six inches in length. When they were near together, appellant jumped from his horse, faced deceased, and said to him, "Is this what you are looking for?" Deceased made no reply, but threw his right hand towards either his front pant's pocket or his hip pocket; and appellant says, believing he intended to get a pistol and kill him, he shot deceased. It is not necessary, so far as the facts of the case are concerned, to go further into the details of the testimony, which is shown by several eye-witnesses to this immediate transaction as well as to the preceding matters mentioned. The court charged the jury in regard to manslaughter, in substance, that the insulting conduct of the person killed towards the wife of the party doing the killing is, as a matter of law, adequate cause; but there are other adequate causes which become questions of fact for the jury to determine, and that any condition or circumstance or any combination of circumstances or conditions, which is capable of creating and does create sudden passion, etc., will constitute adequate cause. Therefore, the court says, if you believe from the evidence that defendant, etc., did unlawfully, while under the influence of sudden passion arising from adequate cause, as those terms are above explained, kill Rome Christian, by then and there shooting him with a gun, you will find him guilty of manslaughter. This is a very general charge, and does not present clearly to the jury the issues suggested by this testimony. The court should have charged the jury, as requested by appellant, that, although deceased and appellant had had a meeting after the wife had informed appellant of the conduct of the deceased in regard to soliciting intercourse and requesting her to kiss him, that if the wife further informed appellant, subsequent to this meeting, of the conduct of deceased in regard to his attempt to ravish her, and that the killing occurred on the first meeting after this second communication, that would be sufficient adequate cause, if the necessary passion was engendered, to

authorize the acquittal of murder and the conviction of manslaughter. It is a familiar rule that wherever two causes of provocation exist, the killing would be implied to the latter rather than to the former; and this is especially so in manslaughter, where there has been a meeting subsequent to the first cause and the killing did not occur, but it occurred on the first meeting after the second provocation. Not only should the law have been pertinently applied to this second provocation and the first meeting thereafter, but the jury should have been told that they could look to the preceding insulting conduct and facts and matters which might tend to inflame the appellant's mind in the light of the second communication from the wife. A charge presenting this theory was asked by appellant and refused by the court. In this there was error.

There are some facts arising in the motion for new trial, which we do not deem necessary to consider, because they will not arise upon another trial. The witnesses can be obtained. Because of the refusal of the court to give the special requested instruction submitting the issue of manslaughter above set forth, the judgment is reversed and the cause remanded.

*Reversed and remanded.*