### Francisco Yzaguirre v. The State.

#### No. 3043. Decided December 14, 1904.

**1.—Assault to Murder—Plea of Guilty—Practice.**

Where the bill of exceptions stated that the defendant pleaded not guilty to the charge of assault with intent to murder but guilty to an aggravated assault, but that the court had announced in the presence of the jury that

he would receive no other plea than one of not guilty, and the court explained the bill by certifying that he did not make such statement in the presence of the jury, but merely entered defendant's plea of not guilty on the docket; there was no reversible error.

**2.—Same—Convict—Capacity of Witness—Pardon—Evidence.**

Where the objection to the witness was not on the ground that he was a convict, but because his pardon which had been lost was not produced, there was no error in admitting testimony as to the contents of the pardon as secondary evidence. A different question would have arisen if the objection had been based on the ground that the witness had no capacity to testify to any fact, not even to the contents of his pardon.

**3.—Same—Deadly Weapon—Charge of Court.**

Where the evidence for the defense showed that the shotgun was fired at the prosecutor at a distance of from fifty to sixty yards, and that of the State that the distance was twenty-five or thirty yards; the shot having struck prosecutor about the head and neck and some were imbedded in his skin, there was no error in not submitting the issue of deadly weapon.

**4.—Same—Charge of Court—Aggravated Assault.**

Where the court charged an aggravated assault generally, and no exception was taken because the court did not submit the question of an insult to a female relative, there was no error.

Appeal from the District Court of Bee. Tried below before Hon. James C. Wilson.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*S. J. Lancaster,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

When the case was called for trial, after the parties announced ready, appellant pleaded not guilty to the charge of assault with intent to murder, but guilty of an aggravated assault. The court, according to the bill of exceptions, declined to enter his plea of guilty to an aggravated assault, but entered a plea of not guilty. The court explains this by stating that he did not say, in the presence of the jury he would not receive any other plea than the one of not guilty, but that he merely entered his plea of not guilty on the docket. This does not afford reversible error.

Appellant assigns as error the action of the court permitting the witness Tomas Sotulla to testify, under the following circumstances: When said witness was introduced by the State, counsel for the defense examined him on his voir dire. Witness testified he had served a term in the house of correction; that he was sent from Corpus Christi, Texas, for burglary, for the term of twelve years; that he had been pardoned; that the pardon had been lost and was not at the house now. Appel-

lant objected to the witness testifying, upon the ground that the pardon was the best evidence of his pardon. The court overruled his objections, and appellant excepted; and witness testified to material facts against appellant. It will be noted here that the only objection urged was that the pardon was the best evidence of his pardon. But the bill shows that the witness testified that the pardon had been lost. After this, of course, secondary evidence could be resorted to to prove the contents of the pardon. If the appellant had objected to the witness testifying at all, on the ground that he was a convict, and had been shown to be such, and that he could not testify to any facts, not even to the contents of his pardon, another question would be presented. But such is not the state of the record here.

Appellant requested the court to instruct the jury as to the character of the weapon used in the assault; that is, to the effect, if the jury believed that the gun as loaded and fired at the distance as shown by the evidence was not a deadly weapon; that is, reasonably calculated to take the life of deceased, they could not convict appellant of assault with intent to murder. An examination of the record shows that the gun was fired at prosecutor at a distance, as estimated by some of the defendant's witnesses, from fifty to sixty yards. The State's witnesses place it twenty-five or thirty yards. The shot struck prosecutor about the head and neck, and some were embedded in the skin. He testified it did not hurt him much. Appellant testified that he shot at him to scare him, and did not shoot at him with the intention of killing him, etc. In the opinion of the writer this testimony sufficiently raised the issue as to the character of the weapon; that is, whether or not it was a deadly weapon, as used, and required a charge on that subject. Yanez v. State, 20 Texas. 656; Scott v. State, 46 Texas Crim. Rep., 305; 81 S. W. Rep., 952. A majority of the court, however, believe that this case comes within the rule laid down in Hatton v. State, 31 Texas Crim. Rep., 586; Wilson v. State, 37 Texas Crim. Rep., 156; Evans v. State, 28 S. W. Rep., 949; Atkins v. State, 53 S. W. Rep., 859; Freeman v. State, 8 Texas Ct. Rep., 647, and that a charge on the subject requested was not required; and accordingly such is the holding of the court.

We note that the court charged on aggravated assault generally, and no exception was taken because the court did not present any special issue in regard to said charge; that is the question of an insult to a female relative was not presented in the charge. No exception being taken on that account the same cannot be reviewed.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]