### N. S. LUNDY v. THE STATE.

No. 2953. Decided May 10, 1905.

**Murder in Second Degree—Manslaughter—Charge of Court.**

See opinion for evidence which required a charge on manslaughter, an exception having been reserved for failure to so charge.

Appeal from the District Court of Jones. Tried below before Hon. H. R. Jones.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Cunningham,* for appellant.

*Howard Martin,* Assistant Attorney-General, and *Cullen C. Higgins,* for the State.—Hardcastle v. State, 38 S. W. Rep., 186; Hjeronymus v. State, 9 Texas Ct. Rep., 805; Franklin v. State, 31 S. W. Rep., 643; Pollard v. State, 7 Texas Ct. Rep., 548; Greer v. State, 3 Texas Ct. Rep., 749; Hatcher v. State, 3 Texas Ct. Rep., 234; Jowell v. State, 6 Texas Ct. Rep., 418.

DAVIDSON, Presiding Judge.—Appellant was allotted a term of five years in the penitentiary for murder in the second degree. The State's case, outside the statement of appellant, was one of circumstantial evidence. There were no eye-witnesses to the killing. It is shown that the parties were landlord and tenant. On the evening prior to the homicide, appellant went to his landlord (deceased Anderson) for a settlement in regard to some unfinished financial matters, and it resulted in an angry altercation. Deceased ordered appellant and his companion, Snow, from his premises. On leaving the premises, and when appellant had reached a point fifteen or twenty steps from the residence, deceased obtained a shotgun and threatened to shoot him, or made demonstration as if to shoot accompanied by menacing words. But the matter ended here. It is not necessary in this connection to state further what occurred. The next morning, defendant claims to have gone down in the pasture after some horses to hitch to his wagon for the purpose of hauling cotton to the gin. While driving up the horses, deceased came through the pasture, driving his wagon. The parties met in the road, and the shooting occurred. The residence of witness Snow was 125 yards or such a matter from where the homicide occurred. Upon hearing the shots, he went in the direction of where the difficulty occurred, and met defendant coming away. He inquired of him the cause of the trouble. Appellant said, "he met Mr. Anderson down there, who said to him, 'Get out of the road, you son of a bitch or I will fill you full.' Lunday says to me, 'I don't know whether I filled him full or not.'" Appellant also informed this witness at the same time, that deceased "threw himself back, as if to get a pistol, and then he (Lundy) fired." Appellant testified in his own behalf, and gives this version of it. After testifying to meeting deceased in the road he says: "I came up and about the time I got in ten feet of Mr. Anderson he made the remark, 'Get out of the road, you son of a bitch, or I will fill you full,' and probably called my name. I came on around the wagon. I do not know whether I was clear out of the

road or not. I might have been out of the road. I was excited. When I got around the horses, he threw himself back, and put his hand down in this manner, as I supposed, to get a pistol. I had my pistol along with me; had it on my right side. in front, stuck down in my pants, between my pants and my drawers. When he made this motion which I thought was an attempt to draw a gun. I jerked out my pistol and fired. I did not take any sight, but fired as quick as I could. It was a single action gun, and I fired two shots. I do not know whether I hit him first shot or not. But the second shot I saw where I thought I hit him on the arm, as I saw blood on his elbow." This is a sufficient statement of the record in regard to the question raised on the exception to the omission to charge on manslaughter.

The court gave in charge the law of murder in the first and second degrees, but did not charge on manslaughter, and for this failure an exception was reserved. These facts called for a charge on manslaughter. The question has been so often discussed that we deem it unnecessary to review the matter; but refer to the following authorities: Baltrip v. State, 30 Texas Crim. App., 545; Gray v. State, 83 S. W. Rep., 705; Venters v. State, 83 S. W. Rep., 832; Widlington v. State, 19 Texas Crim. App., 266; Hawthorne v. State, 28 Texas Crim. App., 212; Bonner v. State, 29 Texas Crim. App., 223; Rutherford v. State., 15 Texas Crim. App., 236; Gilcrease v. State, 33 Texas Crim. Rep., 619; Riley v. State, 81 S. W. Rep., 711; Norris v. State, 61 S. W. Rep., 494; Cochran v. State, 28 Texas Crim. App., 422; Swain v. State, Dallas Term, 1905.

Exception was reserved to the refusal of the continuance. This question is not considered, because upon another trial the witnesses can be obtained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*