## N. S. LUNDY v. THE STATE.

### No. 162. Decided December 15, 1909.

### Rehearing April 19, 1910.

**1.—Murder—Charge of Court—Self-Defense.**

Where, upon trial of murder, the evidence showed self-defense, independent of threats, and also threats, the court erred in not submitting a charge on the law of self-defense as applicable to that phase of the case, independent of the charge on threats.

**2.—Same—Charge of Court—Self-Defense—Standpoint of Defendant—Threats.**

Upon trial of murder, where the evidence showed threats by the deceased, it was reversible error to charge the jury that such threats must in fact be made by the deceased before defendant would be justified in killing him; the evidence showing that threats which defendant believed were communicated to defendant. Following Mitchell v. State, 50 Texas Crim. Rep., 180, and other cases.

**3.—Same—Charge of Court—Words and Acts.**

Where, upon trial of murder, the evidence raised the issue of self-defense and threats, it was reversible error not to use the language of the statute which provides that it must reasonably appear by acts or words, etc.; the charge of the court confining this matter to the acts of the deceased.

**4.—Same—Charge of Court—Threats—Serious Bodily Injury.**

Where, upon trial of murder, the evidence raised the issue of self-defense and threats, it was reversible error in the charge of the court in failing to apply the law of threats to serious bodily injury, as well as to take life.

**5.—Same—Evidence.**

Upon trial of murder there was no error in permitting testimony that a clump of bushes were near the scene of the killing; to show an opportunity and ability on part of the defendant to lie in wait and kill deceased.

**6.—Same—Evidence—Description of Parties.**

While proof of the weight, size, age, etc., of the parties is not always admissible in homicide cases, yet where the jury had a right to know something about the relative physical conditions of the parties at the time of the homicide, there was no reversible error in admitting testimony of this kind.

Appeal from the District Court of Shackelford. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Cunningham & Oliver*, for appellant.—Cited cases in opinion.

*John A. Mobley*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at five years confinement in the penitentiary.

This is the second appeal of this case. See 48 Texas Crim. Rep., 217, 87 S. W. Rep., 352, for former opinion.

1.   The seventh assignment of error in motion for a new trial complains the court erred in not applying the law of self-defense on account of real and apparent danger to the facts of this case.   The court, it is true, submitted to the jury the abstract propositions of law as found in article 675 and subdivisions 1 and 2 thereof of the Penal Code, but went no further; it was the duty of the court not only to give to the jury the abstract definition of the law applicable to the case, but to go further and apply that law to the facts in the case, and a failure to do so was error.   The court charged imperfectly on threats, and then charged imperfectly the abstract proposition of law laid down in article 675 and subdivisions 1 and 2 thereof, but went no further.   The above is a copy of appellant's contention, and under which appellant insists that appellant in his own behalf testified that he met deceased in the road; that deceased was on his wagon and he, appellant, was walking, driving his horses, which were loose, and met the deceased in the road.   That his horses went on meeting deceased in the road, and they walked right up close to deceased's horses, when the deceased spoke to appellant and said, "Get out of the road, you son-of-a-bitch, or I will fill you full."   At the time that he, deceased, said this, that he, deceased, threw his hand down to his side, holding his lines in his left hand, whereupon appellant fired two shots, which killed the deceased.   Appellant further testified that he had not seen Anderson's pistol at the time, but knew he carried a pistol, and had seen his pistol on several occasions, and that he thought he was reaching to get his pistol when he, appellant, shot.   The court properly charged the statute defining manslaughter, and then followed said statutes with the following charge: "A reasonable apprehension or fear of death or great bodily harm will excuse a party using all necessary force to protect his life or person, and it is not necessary that there should be actual danger, provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time, and in such case the party acting under such real or apparent danger is, in no event, bound to retreat in order to avoid the necessity of killing his assailant.

"In justifying homicide in the defense of one's person the killing must take place under the following circumstances, to wit:

"(1) It must reasonably appear from the acts of the person deceased, that the purpose and intention of such person was to commit murder or to inflict serious bodily injury.

"(2) The killing must take place while the person killed was in the act of committing murder or inflicting serious bodily injury.

"The attack or threatened attack upon the person of an individual, in order to justify homicide, must be such as to produce a reasonable expectation, or a fear of death or some serious bodily injury, but in deciding each of the above issues, you must view the matter from the standpoint of the defendant as it reasonably appeared to him at the time, and the defendant would be as fully justified in acting upon a

reasonable appearance of danger, as he would, were the danger in fact real."

Then follows the following charge: "If you believe from the evidence in this case that prior to the homicide the said A. H. Anderson had made threats to take the life of the defendant, N. S. Lundy, such threats of themselves, if any, would afford no justification for killing the said Anderson, unless you believe from the evidence that at the time of the killing the said Anderson did or was in the act of doing some act or was making some demonstration manifesting an intention then and there to execute or to carry out such threats, if any, and to kill the defendant or to do him some serious bodily injury, or which was reasonably calculated in view of all the evidence and circumstances of the case, considered from the defendant's standpoint, and that alone, to produce and did produce in the mind of the defendant the belief that the deceased was about to execute such threats, and created in the mind of the defendant a reasonable expectation or fear of death or some serious bodily injury, and that in that event the defendant would have the right to act upon such reasonable appearance of danger, if any, notwithstanding such danger might not have been real, and the killing under such circumstances would be justifiable, and if you so find you will acquit the defendant and say by your verdict 'not guilty.' "

This is all of the charge of the court on the doctrine of threats and self-defense. Taken as a whole, while not technically correct, the omission in same is not of sufficient importance to require a reversal of this case. Appellant's insistence that the court did not apply the law to the facts, we think, is error. He further insists that portion of the charge above quoted, which reads as follows: "It must reasonably appear from the acts of the person deceased that the purpose and intention of such person was to commit murder, or to inflict serious bodily injury," is erroneous, because the subdivision of the statute, in reference to the matter, reads as follows: "It must reasonably appear by acts or by words, coupled with the acts of the person killed, that it was the purpose and intent of such person to commit the crime of murder." Appellant does not quote the charge accurately. The charge says that "if the jury believe from the evidence that at the time of the killing the said Anderson did or was in the act of doing some act or was making some demonstration manifesting an intention then and there to execute or to carry out such threats, if any, and to kill the defendant or to do him some serious bodily injury, or which was reasonably calculated in view of all the evidence and circumstances of the case, considered from the defendant's standpoint, and that alone, to produce and did produce in the mind of the defendant, the belief that the deceased was about to execute such threats," etc. In other words, the charge is much fuller than appellant insists. We do not controvert the authorities that appellant cites. Appellant had the right to defend as much against words as he has

against acts. We take it that the court has given him the benefit of both phases of apparent danger.

2. Appellant further complains the court erred in permitting W. S. Swan, Mrs. Tanner, wife of deceased, deceased's wife having married after the killing, and other witnesses to testify that a clump of chaparral bushes grew on the north side of the road near the scene of the killing, as shown on the map offered in evidence; that said bushes were thickly grown, with an opening on the south side of the bushes, fronting the road sufficiently large to conceal a man. The State offered this testimony to show an opportunity and ability on the part of appellant to lie in wait to kill deceased, which seems to have been one of the theories of the State. The mere fact that no one was at the scene of the killing but appellant and deceased, would not preclude the portrayal, before the jury, of the physical surroundings that might be silent witnesses pro or con throwing light upon the transaction.

3. Appellant further objects to the proof of the weight, height, age and eyesight of appellant and deceased. We do not think that this evidence would be admissible in most homicide cases. The question of size and weight, where the homicide occurred with a pistol, very seldom throws any light on the transaction, but we are not able to tell from this record that it did not throw some weight and some shades and shadows upon the testimony of the parties. The proof in the case was that appellant was a very large man, young and robust, and deceased was a man about 65 years old, a small man, and blind in one eye. The parties meeting in the road under such circumstances, the jury had a right to know something about their relative physical conditions at the time. It is true appellant could defend against a man with a pistol who was one-eyed as well as he could against a young man with two eyes. The evidence here, we take, is germane to indicate the animus, purpose and motive of appellant, or if not, it would not be of sufficient moment to justify us in reversing the case.

We have reviewed all of appellant's assignment of error, and must say that the evidence amply warrants the verdict, and we do not believe there was any error calculated to injure the rights of appellant committed by the court in the trial of this case.

*Affirmed.*

## ON REHEARING.

### April 19, 1910.

DAVIDSON, PRESIDING JUDGE.—At a former day of the present term the judgment herein was affirmed. The case is now before us on motion for rehearing. Through inadvertence or oversight the opinion states that appellant was convicted of murder in the second degree. The jury found appellant guilty of manslaughter, and assessed his punishment at three years confinement in the penitentiary. In order to keep the record straight this correction is made.

The charge of the court is criticised in that it fails to submit the law of self-defense independent of the law of threats. The charge in regard to threats is further criticised in that it fails to submit the law in this regard, to serious bodily injury and authorizes the jury to believe that the threats were made, in order that appellant may have the benefit of the law in that respect. A more careful review of the record and the matters involved has led us to the conclusion that this contention is correct. An inspection of the charge of the court discloses that the law of self-defense was not given in charge to the jury except in connection with the law of threats. Wherever the question of self-defense is in a case, the accused is entitled to the law applicable to that phase of the testimony independent of the law of threats. The authorities upon this proposition are numerous. The law of self-defense should have been given independent of threats, and especially with reference to apparent danger.

It is deemed unnecessary to go into anything like a full statement of the evidence. It seems the parties met in the road; that deceased was on his wagon, and appellant walking driving some horses, which were loose at the time the parties met. Appellant's horses went on in the direction of the deceased, meeting him, and walked up close to the horses of deceased. At this time deceased spoke to appellant and said: "Get out of the road, you son-of-a-bitch, or I will fill you full." Upon making these remarks deceased threw his hand to his side, leaving the impression upon appellant's mind that he was about to draw his pistol; that deceased was holding his lines in his left hand. At this juncture appellant fired two shots, resulting fatally to deceased. Appellant also testified in this connection that he had not seen the pistol of deceased at the time he fired, but knew the fact that he carried a pistol and had seen him with a pistol on several occasions, and he thought at the time deceased made the gesture he was reaching to get the pistol when he shot deceased. It is unnecessary to state other evidence. Appellant was entitled to a charge on the law of self-defense from the standpoint of apparent danger. The court failed to charge on this phase of the law. It is unnecessary to repeat the charges of the court on these different phases as they are sufficiently stated in the original opinion. In support of this holding see the following cases: Fuller v. State, 95 S. W. Rep., 1039; Nalley v. State, 30 Texas Crim. App., 456, 17 S. W. Rep., 1084; Sutton v. State, 2 Texas Crim. App., 342; Marshall v. State, 40 Texas, 200; Tillery v. State, 24 Texas Crim. App., 251, 5 S. W. Rep., 842; Boddy v. State, 14 Texas Crim. App., 528; Short v. State, 15 Texas Crim. App., 370; Ware v. State, 49 Texas Crim. Rep., 413, 92 S. W. Rep., 1093.

The court's charge submitting the issue of self-defense, viewed from the standpoint of threats, is also quoted in the original opinion, and it is unnecessary here to repeat it. An inspection of that charge discloses the fact that it is insufficient in that it requires the jury to find

that threats were in fact made before appellant would be justified under the law of threats or that he had the right to kill. The threats made by deceased were communicated. If appellant believed threats which had been communicated to him had been made under the facts attending the meeting of the parties and the action of the deceased at the time, he would be justified in acting in self-defense. The jury, in the light of the entire testimony as detailed to them, and in view of subsequent matters, may not have believed that, as a matter of fact, threats were made, but appellant's legal rights did not demand that they believe the threats were in fact made. He had the legal right to act upon the communicated threats if he believed they had been made by deceased. The charge in this case is similar to that in the case of Mitchell v. State, 50 Texas Crim. Rep., 180. The charge in that case was held to be erroneous. See also Buckner v. State, 55 Texas Crim. Rep., 511, 117 S. W. Rep., 802; Huddleston v. State, 54 Texas Crim. Rep., 93, 112 S. W. Rep., 64; Lockhart v. State, 53 Texas Crim. Rep., 589, 111 S. W. Rep., 1026; Cohen v. State, 53 Texas Crim. Rep., 422, 110 S. W. Rep., 66; Bonner v. State, 29 Texas Crim. App., 223, 15 S. W. Rep., 821; Pratt v. State, 50 Texas Crim. Rep., 227, 96 S. W. Rep., 8; Fisher v. State, 50 Texas Crim. Rep., 471, 98 S. W. Rep., 852; Watson v. State, 50 Texas Crim. Rep., 171, 95 S. W. Rep., 115; St. Clair v. State, 49 Texas Crim. Rep., 479, 92 S. W. Rep., 1095.

Appellant also insists there was error in the charge in that the court did not apply the law fully to the facts in regard to self-defense and threats. The particular portion of the charge criticised reads as follows: . . . "It must reasonably appear from the acts of the person deceased, that the purpose and intention of such person was to commit murder, or to inflict serious bodily injury." The statute reads thus: "It must reasonably appear by acts or by words, coupled with the acts of the person killed, that it was the purpose and intent of such person to commit the crime of murder," etc. In the original opinion it was stated that the charge given was thought to be sufficient, at least not injurious. We are of opinion that we were in error. The facts have been sufficiently stated to show that the charge should have embraced the idea of the words as well as acts on the part of the deceased. The testimony is to the effect that at the time deceased spoke to appellant he said, "Get out of the road, you son-of-a-bitch, or I will fill you full," and then made a motion as if to draw a pistol. This was the theory of appellant's self-defense. Under this particular state of facts the charge on self-defense should have embodied not only the acts of the deceased but his words accompanying the acts. This is the statutory language and requirement, and as stated both phases are peculiarly applicable to the facts in this case in which, under the testimony of appellant, there was both the act and accompanying words illustrating the purpose and intent of the deceased,

viewed from appellant's standpoint. Upon another trial this phase of the statute should be embodied in the charge.

The same charge is also criticised in that it fails to apply the law of threats to serious bodily injury as well as to take life. Upon another trial this phase of the law should also be included in the charge.

Because of these errors and omissions in the court's charge, in the matters specified, the affirmance will be set aside, the rehearing granted, and the judgment will be now reversed and the cause remanded.

*Reversed and remanded.*