## TIP EADS v. THE STATE.

### No. 1329. Decided February 7, 1912.

**Assault to Murder—Charge of Court—Self-Defense—Threats.**

Where, upon trial of assault to murder, the court's charge on self-defense confused defendant's right to act upon communicated threats with that of self-defense from an attack, and required that the communicated threats should, in fact, have been made, the same was reversible error.

Appeal from the District Court of Collin. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of aggravated assault; penalty, a fine of $500 and six months confinement in the county jail.

The testimony shows that ill feeling existed between defendant and prosecutor and others, growing out of some petty prosecutions, and other causes; that on the day of the homicide, defendant and prosecutor and others met at a certain store, and the State's testimony showed that after prosecutor and another had had some altercation, defendant walked out of the store on the street and began abusing and cursing the prosecutor; that the latter finally cursed him back and said that if defendant would give up his knife, he would fight him; that defendant said he had no knife, and kept on abusing and cursing him and finally shot him, and that he was laid up for some time from the wound thus

inflicted; that prosecutor was not armed, and at the time he was shot had one hand on a post and the other hanging down at his side, and that he made no hostile demonstration toward defendant. He also denied making any threats against defendant and that he so informed him a few days before the difficulty.

The defendant's testimony showed that the injured party and others acting with him, had repeatedly threatened to do him serious bodily injury and kill him, and that these threats were communicated to him; that on the day of the shooting, after the altercation between the party injured and another, he had started to go home, and as he left the store, the prosecutor picked up a soda-pop bottle and hit him with it, which pained him; that then he cursed the prosecutor who cursed back at him and finally advanced on him with apparently something in his hand, and that thereupon defendant shot him, but had no intention of killing him and did not shoot at him any more.

*G. R. Smith* and *F. E. Wilcox* and *R. C. Merritt,* for appellant.— On the question of the court's charge on self-defense: Lundy v. State, 59 Texas Crim. Rep., 131, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of aggravated assault, his punishment being assessed at a fine of $500 and six months imprisonment in the county jail, under an indictment charging assault with intent to murder.

Several questions are presented for revision, one of which presents sufficient error to require a reversal of the judgment. This involves the law of self-defense viewed from the standpoint of threats. It is deemed unnecessary to go into any detailed statement of the evidence. Suffice it to say that the record is bristling with threats which were communicated to appellant made not only by the assaulted party but also in connection with others. The State's evidence controverts appellant's testimony, and the issue is sharply presented. Touching this question the court gave the following charges:

"If you find and believe from the evidence that the defendant had been informed that Gordon Knight had on one or more occasions prior to the time he was shot, made a threat or threats to take defendant's life or do him serious bodily harm, and you further find and believe from the evidence on the occasion when Gordon Knight was shot, that he, the said Gordon Knight, used any word or words, or did any act or acts, which indicated a purpose on his part to carry such threat or, threats into execution, and you further believe from the evidence that from the word or words or act or acts, or both, of Gordon Knight, it reasonably appeared to the defendant, viewed from his standpoint at the time and from no other, that the said Gordon Knight was about to execute his threat to kill defendant or do him serious bodily harm, and

you further believe from the evidence that the defendant, acting under such reasonable appearance, if he did, shot Gordon Knight, then you will acquit the defendant, although you may now believe from the evidence that defendant was in no actual or real danger at the time, the defendant having the right under the law to protect himself against apparent danger as well as actual danger.

"On the other hand, if you find and believe from the evidence that Gordon Knight had made a threat or threats prior to the time he was shot to kill defendant or to do him serious bodily harm, which threat or threats were communicated to defendant, and if you find and believe from the evidence that on the occasion when defendant shot Knight, the said Knight had said no word or words and had done no act or acts, which reasonably indicated a purpose on the part of said Knight to carry his threat or threats, if any, into execution, then you are instructed that defendant would not have been justified in shooting Gordon Knight solely because Knight had made a threat or threats." Many objections were urged to this charge bringing the propositions urged by appellant strictly within the rules laid down in the cited cases.

In view of the many well considered cases in regard to this question and these charges viewed in the light of those decisions, we deem it unnecessary to go into a discussion of the matter urged, but cite the following cases in support of the correctness of appellant's propositions that this charge is erroneous. Under these authorities these charges were clearly erroneous: Lundy v. State, 59 Texas Crim. Rep., 131; Mitchell v. State, 50 Texas Crim. Rep., 180; Buckner v. State, 55 Texas Crim. Rep., 511; Huddleston v. State, 54 Texas Crim. Rep., 93; Lockhart v. State, 53 Texas Crim. Rep., 589; Cohen v. State, 53 Texas Crim. Rep., 422; Bonner v. State, 29 Texas Crim. App., 223; Pratt v. State, 50 Texas Crim. Rep., 227; Fisher v. State, 50 Texas Crim. Rep., 471; Watson v. State, 50 Texas Crim. Rep., 171; St. Clair v. State, 49 Texas Crim. Rep., 479; White's Penal Code, article 713. We deem it unnecessary to cite further cases.

On authority of the above cases this judgment is reversed and the cause remanded.

*Reversed and remanded.*