### DOUGLAS BUSSEY v. STATE.

No. 2270. Decided February 12, 1913.

**1.—Assault to Murder—Charge of Court—Threats.**

Where, upon trial of assault to murder, the court's charge on threats required the jury to believe that the threats were in fact made, the same was reversible error. Following Buckner v. State, 55 Texas Crim. Rep., 517.

**2.—Same—Charge of Court—Self-defense—Threats.**

Where, upon trial of assault to murder, the evidence clearly raised self-defense in connection with threats, but did not raise self-defense otherwise, so as to require an additional charge on that subject, a failure to so charge was not reversible error.

**3.—Same—Aggravated Assault—Deadly Weapon—Serious Injury.**

Where, upon trial of assault with intent to murder, the court charged on the issue of aggravated assault, there was no error in the court's failure to submit subdivision 7 and 8 of Article 1022, Penal Code, the evidence showing that the defendant was within shooting distance of the party injured when he fired with a shotgun.

Appeal from the District Court of Shelby. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Carter & Walker* and *S. Chamness* and *J. P. Anderson,* for appellant.—On question of the court's charge on threats: Huddleston v. State, 54 Tex. Crim. Rep., 93, 112 S. W. Rep., 64; Mitchell v. State, 50 Tex. Crim. Rep., 180, 96 S. W. Rep., 43, and cases cited in opinion.

On question of court's charge on aggravated assault: Hightower v. State, 56 Tex. Crim. Rep., 248, 119 S. W. Rep., 691; Henderson v. State, 55 Tex. Crim. Rep., 15, 115 S. W. Rep., 845.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant has appealed from a conviction of an assault with intent to kill.

Only a brief statement of the evidence is necessary to properly pass upon the question raised. The evidence establishes that on the night preceding the shooting of the complaining witness by appellant that they had a fuss or row at the church and that appellant and his kinsman, Coleman Bussey, had assaulted Alonzo Curtis and run him away from the church; that thereupon said Curtis, the assaulted party, went off, procured and returned with his gun and, it seems, sought, that same night, an opportunity to have a further difficulty with appellant and Coleman Bussey, but no further altercation occurred between them that night. Two witnesses, Anna Mays and Ben Strange, each testified that they saw Curtis the next day and he made threats against the said Busseys of what he would do to them the next night. Both of these witnesses testified that on the same day and before the shooting that night that each communicated these threats to appellant. Appellant testified that they both communicated said threats to him. Curtis, the assaulted party, denied making any such threats to either of these witnesses.

The court properly charged on threats but required the jury to believe that the threats were made. Appellant complains and properly raised and preserved the question that the charge should also have submitted to the jury that, whether the threats had been made or not, if appellant believed they had been made, and so believing, acted upon them, then the law would justify him in so acting. In our opinion appellant's contention is correct and the charge should have so submitted. Buckner v. State, 55 Texas Crim. Rep., 517-518, and cases there cited; Lundy v. State, 59 Texas Crim. Rep., 135, and cases cited. See also Branch's Crim. Law, Sec. 482, p. 311. It is needless to cite the many other cases to the same effect.

Again, the court charged on self-defense in connection with and based upon threats. Appellant complains that in addition to this, the court should have charged on self-defense independent of and in addition to so charging in connection with threats.

This court has repeatedly held that where the evidence calls for it, in addition to charging on self-defense in connection with threats, that an independent and an additioal charge should also be given on self-defense. But where the evidence does not raise the question, then no general charge on self-defense, in addition to that given in connection with threats, is necessary. In this case the evidence clearly raises self-defese in connection with threats, but in our opinion it does not raise self-defense otherwise so as to require an additional charge on that subject. If on another trial self-defense, independent of and disconnected from threats, is raised, of course, it will be proper for the court to charge thereon.

Appellant also contends that the court should have charged on aggravated assault, based on subdivisions 7 and 8 of Article 1022, Penal

Code. The court did charge on aggravated assault on the theory that the evidence raised the question of whether or not appellant's mind was incapable of cool reflection, caused by what had occurred between the parties theretofore and at the time of the shooting. In our opinion the evidence only raised the question of aggravated assault on the theory in which the court charged it, and the evidence did not authorize or require such a charge on either of the grounds claimed by appellant. Hatton v. State, 31 Texas Crim. Rep., 586; Yzaguirre v. State, 48 Texas Crim. Rep., 514, Sec. 521, Branch's Crim. Law. The evidence in this case shows that appellant shot the deceased with a double-barrel shotgun and the distance between them at farthest was only twenty-five or thirty steps.

Because of the error in the charge of the court above pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*