## A. H. KNOX v. THE STATE.

### No. 3147.  Decided May 27, 1914.

**Aggravated Assault—Charge of Court—Self-defense—Burden of Proof— Greater Force.**

    Where, upon trial of aggravated assault, the court charged the jury that if it reasonably appeared to the defendant that he was in danger of some serious bodily injury from an attack then being made or about to be made by prosecuting witness and that he used no greater force than was necessary to prevent such attack, he would be justifiable, the same was reversible error. Following Vinson v. State, 55 Texas Crim. Rep., 490.

Appeal from the County Court of Denton. Tried below before the Hon. S. H. Hoskins.

Appeal from a conviction of aggravated assault; penalty, a fine of $450.

The opinion states the case.

*Sullivan & Hill* and *Luther Hoffman,* for appellant.—on question of court's charge: Rea v. State, 46 Texas Crim. Rep., 453; Marsden v.

State, 53 Texas Crim. Rep., 458, 110 S. W. Rep., 897; Aycock v. State, 55 Texas Crim. Rep., 142, 115 S. W. Rep., 590; Harrison v. State, 48 Texas Crim. Rep., 144; Price v. State, 79 S. W. Rep., 540.

*C. E. Lane,* Assistant Attorney General, for the State.—Cited Branch's Crim. Law., secs. 448, 450.

HARPER, JUDGE.—Appellant was convicted of aggravated assault and his punishment assessed at a fine of $450.

The only assignment we deem necessary to notice is the one complaining of the court's charge in submitting the issue of self-defense, the court instructing the jury:

"If you find and believe from the evidence that at the time the defendant assaulted the prosecuting witness, Rhine, that it reasonably appeared to defendant that he was in danger of some serious bodily injury from an attack then being made or about to be made by the witness, Rhine, and that he used no greater force than was necessary to prevent such attack he would be justifiable."

A charge worded as is this one, has been held to shift the burden of proof, and place on the defendant the burden of proving that he acted in self-defense, when the rule is, he is entitled to the reasonable doubt on this issue, as well as other issues in the case.

Again, the court in his charge would have the jury pass on the question of "greater force than necessary" as it appeared to them at the time of the trial, when they should have been instructed to view the matter as it reasonably appeared to defendant at the time. Vinson v. State, 55 Texas Crim. Rep., 490.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*