### JOE WOLF v. THE STATE.

No. 2900. Decided February 24, 1904.

**1.—Murder—Severance.**

Where two persons are separately indicted for the same offense and one of them believes that his codefendant is not guilty, that he desires his testimony and makes the affidavit required by statute, the State can not continue the case against the party selected to be first tried and deny defendant making the application the benefit of the law. Following Forcey v. State, 29 Texas Crim. App., 410; Manor v. State, 8 Texas Crim. App., 867.

**2.—Same—Continuance Does Not Defeat Severance.**

Where appellant presented to the court affidavit of severance asking that L., who was separately indicted for the same offense, be first tried, stat- ing the statutory grounds, it was error to refuse the application because the case against L. had been continued on the application of the State.

Appeal from the District Court of Tarrant.   Tried below before Hon. Irby Dunklin.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

No statement necessary.

*B. D. Shropshire* and *Parker & Parker,* for appellant.—The court overruled the application for a severance and forced appellant to trial and thus deprived appellant of the benefit of the testimony of said Lawrence. This action of the court was such error as will require a reversal of the case, as the law conclusively presumes the testimony of Lawrence to be material and beneficial to appellant.  The statute is mandatory, and when it is complied with the court has no discretion, and the defendant is entitled to the severance as a matter of right.   Code Crim. Proc., arts. 706, 707; Forcey v. State, 29 Texas Crim. App., 408; Price v. State, 40 S. W. Rep., 596; Shaw v. State, 45 S. W. Rep., 597; King v. State, 34 S. W. Rep., 232; Wiley v. State, 22 Texas Crim. App., 408; Terry v. State, 8 Texas Ct. Rep., 570.

Under the common law severances can be had in cases where the parties are jointly indicted only, and not in cases where they are separately indicted.   And so it was under the old statute in force prior to Act of March, 1887, amending the same.   Arts. 706, 707, Code of Criminal Procedure, were intended to enlarge the defendant's rights, and to extend the right to sever to where the parties are separately indicted, and to give them the same right to sever as they had under the prior statute, when they were jointly indicted.   The grand jury severs the parties by finding separate indictments.   The statute joins them for the purpose of preserving the right to sever, and they have all the right as to severance that they would have, had they been jointly indicted.   The defendant is not responsible for being separately indicted, nor is he party to the continuance of the Lawrence case, or in any manner responsible for the same. Yet we are told he must suffer the consequences.   The defendant is entitled primarily to this testimony, and unless he is estopped by his own conduct he can not be deprived of it.   The State can not by its own act deprive him of this right, the defendant himself being free from fault.

*Howard Martin,* Assistant Attorney-General, for the State.—Appellant was convicted of the murder of James Wilson, and his punishment assessed at a life sentence in the penitentiary.

One Joe Lawrence was also indicted as a principal by separate indictment for the same murder.   There is but one bill of exceptions in the record.   It complains of the action of the court refusing to grant appellant's motion to sever, and that Joe Lawrence be first tried.   The motion appears to be in the statutory form.   The court refused to grant the severance, and appends the following to the bill of exceptions: "When

the foregoing case was called for trial, the case of State v. Joe Lawrence had been called for trial, and had been continued by the State for the term, on application by the State for good and legal grounds shown, and to have granted the motion of Joe Wolf, the overruling of which is complained of in the foregoing bill of exceptions, would have necessitated a continuance of the case against him for the term." Appellant evidently relies upon the case of Forcey v. State, 29 Texas Crim. App., 408, in support of his contention that the court erred in not granting his motion to sever and forcing him to trial before Joe Lawrence was tried. Article 707, Code of Criminal Procedure, reads: "Provided, that the making of such affidavit does not without other sufficient cause operate as a continuance to either party." As the court shows by his explanation to this bill, if the motion had been granted it would have operated as a continuance of this case. In the case of Forcey, supra, it appears that the State continued the case for the purpose of preventing the severance. Of course, this could not be done; but such is not the case at bar. Joe Lawrence's case had been previously continued by the State for "good and legal grounds" and not for the purpose of defeating appellant's motion to sever. Therefore, the State submits that the proviso of the article above quoted was intended to prevent continuances when motion to sever is made under the circumstances as in this case.

*A. S. Lattimore,* County Attorney Tarrant County, also filed an argument and brief on motion for rehearing, citing Stouard v. State, 27 Texas Crim. App., 1; Thompson v. State, 35 Texas Crim. Rep., 511; Bryant v. State, 50 S. W. Rep., 950.

BROOKS, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life.

By bill of exceptions it is made to appear that appellant presented to the court affidavit for severance, asking that Joe Lawrence, who was separately indicted for this offense, be first tried, so that this defendant could have the benefit of the evidence of Joe Lawrence on the acquittal of Joe Lawrence, and that there was not sufficient evidence against Joe Lawrence to secure his conviction. Joe Lawrence was indicted for the same homicide. The court appends this explanation to the bill: "When the case was called for trial, the case of the State v. Joe Lawrence had been called for trial and had been continued by the court for the term on application by the State for good and legal grounds shown; and to have granted the motion of Joe Wolf, the overruling of which is complained of in the foregoing bill of exceptions, would have necessitated a continuance of the case against him for the term." Commenting upon a similar question in Forcey v. State, 29 Texas Crim. App., 408, this language was used. "Let us take the view entertained by the court below. The defendants are separately indicted. One of them believes

that the codefendant is not guilty. He desires his testimony and makes the affidavit required by the act of 1887. The State then continues the case against the party selected. The benefit of the act is thus denied; is made to depend upon whether the State is ready to try the party selected. This is clearly not the spirit or meaning of the act. It is not common practice; it is not the law." When a party separately indicted has made the affidavit required, the State can not defeat his right to have first tried the case of the defendant selected to be first tried, by continuing said case and to force him to trial under such circumstances is reversible error. We therefore hold that the court erred in not awarding defendant his statutory right of having his codefendant Lawrence tried first. If the facts are as they appear in this record, Lawrence should be tried before defendant is placed on trial. See also Manor v. State, 8 Texas Ct. Rep., 867.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*

[Motion for rehearing overruled without written opinion.—Reporter.]