### HIRAM REESE v. THE STATE.

#### No. 3440.    Decided January 31, 1906.

**Murder in Second Degree—Charge of Court—Mutual Combat—Provoking Difficulty.**

On a trial for murder the evidence showed defendant refused to play a game of craps with deceased and that an altercation followed in which both drew pistols, but they were separated; but they both returned a few minutes after to the place where the game was being played and after some quarreling defendant fired and killed deceased before the latter drew his weapon, it was error to charge on mutual combat and provoking difficulty; and this although defendant may have commenced the difficulty or the parties may have fought.

Appeal from the District Court of Houston.  Tried below before Hon. Benjamin H. Gardner.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Crook,* for appellant.—On question of provoking difficulty, mutual combat and self-defense: Drake v. State, 10 Texas Ct. Rep., 584; Meuly v. State, 9 S. W. Rep., 563; Brazzil v. State, 28 Texas Crim. App., 584; Lindsey v. State, 35 Texas Crim. Rep., 164; McCandless v. State, 57 S. W. Rep., 672.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment fixed at ten years confinement in the penitentiary. The evidence shows, in substance, that appellant and deceased (both negroes) met where other negroes were playing craps. Deceased proposed to bet appellant a nickel, but appellant would not receive that bet, and insisted on playing a quarter, and further stated he would not play with deceased at all. A serious quarrel ensued, and the parties were separated. However, in a few moments they came back where the game of dice was being played, and one witness says that deceased replied to appellant, "Put up your weapons and I will fight you a fair fight." The evidence shows that in the first altercation both of the parties had pistols drawn. To the above suggestion of deceased appellant replied, "I will fight you or I will kill you," and immediately fired, killing deceased. At the time deceased was shot he was either in the act of sitting down or in the act of rising in a half-stooped posture, as the witnesses describe it. Some of the witnesses say he was in act of getting up, and some that he was in the act of sitting down; but none indicate that he had any weapon out. This is a sufficient statement of the evidence, as we understand it. We see nothing in the evidence suggesting the theory of provoking the difficulty, or mutual combat. The evidence shows that when the parties first met, appellant ruthlessly repelled deceased's efforts to engage in the game, and if parties had not interfered at that time they would have fought, but at that juncture there could be no mutual combat about it, nor any provoking the difficulty. Commencing a difficulty is not provoking a difficulty within the contemplation of the provoking-difficulty-statute. Nor is there any mutual combat in it because two parties mutually fight; or do fight, and in that sense there is a mutuality of combat, does not suggest the issue of mutual combat which takes away the right of self-defense. If appellant provokes the difficulty and the evidence suggests the issue, then in the nature of things the issue of mutual combat is not in the case. If they mutually engage in a combat and the evidence suggests this issue, then provoking the difficulty is not in the case. Clay v. State, 44 Texas Crim. Rep., 129, 5 Texas Ct. Rep., 436; Dent v. State, 46 Texas Crim. Rep., 166, 10

Texas Ct. Rep., 11; Bearden v. State, 46 Texas Crim. Rep., 144, 9 Texas Ct. Rep., 813. For the error of the court in charging on mutual combat and provoking the difficulty, the judgment is reversed and the cause remanded.

*Reversed and remanded.*