## J. R. BEST v. THE STATE.

### No. 377. Decided February 23, 1910.

**1.—Murder—Charge of Court—Murder in Second Degree.**

Upon trial for murder, where the charge of the court on murder in the second degree eliminated from the consideration of the jury every charge on manslaughter and every charge on self-defense, and failed to define implied malice, but left no other alternative or escape from a verdict of conviction of murder in the second degree, unless the jury should have found that the weapon used was not a deadly one, or that the shot inflicted did not kill the deceased, the same was reversible error. Following Clark v. State, 51 Texas Crim. Rep., 519, and other cases.

**2.—Same—Form of Charge on Murder in the Second Degree.**

See opinion for form of charge on murder in the second degree, when both self-defense and manslaughter are raised in the evidence.

**3.—Same—Charge of Court—Self-Defense—Resort to other Means.**

Where, upon trial for murder, the State's evidence showed that the deceased only struck defendant with his hand a light blow as the result of some provo-

cation, there was no error in the court's charge in defining the law of self-defense to instruct the jury that homicide is justifiable in the protection of the person from any unlawful and violent attack, and that in such case all other means must be resorted to for the prevention of the injury. Distinguishing Casner v. State, 42 Texas Crim. Rep., 118.

**4.—Same—Charge of Court—Provoking Difficulty.**

Where, upon trial for murder, the evidence showed that the defendant was armed and deceased was unarmed, except his possession of a closed pocket knife, and that the defendant sought the deceased and used abusive language towards him, there was no error in submitting a charge on provoking the difficulty.

**5.—Same—Charge of Court—Provoking Difficulty—Self-Defense.**

Where, upon trial for murder, the charge of the court authorized a conviction of manslaughter if the defendant provoked the difficulty and suddenly and without deliberation killed the deceased under the influence of sudden passion arising from an adequate cause, even though the jury may have believed that the defendant killed the deceased in self-defense and with no intention, at the time, of provoking the difficulty, there was reversible error. Following Young v. State, 53 Texas Crim. Rep., 416, and other cases.

**6.—Same—Charge of Court—Manslaughter.**

Where, upon trial for murder, there was no evidence that the assault of deceased upon defendant by slapping him was accompanied by angry and insulting words on the part of the deceased, and the defendant objected to the court's charge on manslaughter based upon such insulting language, and submitted a requested charge leaving out this matter, the same should have been given.

**7.—Same—Argumentative Charge of Court.**

It should be the aim and purpose of the court, always, to so submit the issues of fact to the jury as to avoid the possibility of intimating any view entertained by the court touching any contested issue of fact.

Appeal from the District Court of Baylor. Tried below before the Hon. A. P. Dickson.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

By the wife of the deceased it was shown that on the morning of the homicide her husband was over in the east field plowing; that she heard four shots, and walking to the edge of the gallery soon thereafter saw her husband coming towards the house nearly in a run; that she went to meet him, and asking what was the matter, he told her that defendant had shot him; and upon being asked by his wife what the deceased was doing at the time, deceased answered, "Nothing;" and further said that defendant cursed him and slapped at him, and that deceased slapped back at defendant with his hand, and that then defendant put his hand in his hip pocket and told deceased he would kill him, in the meantime drawing a revolver; that then he, deceased, began to run, but stumbled and came near falling down; and that while in this stooping position defendant shot deceased; that defendant shot at deceased four times but hit him only once. This witness further testified that after having taken her husband into the house and in undressing him a closed pocket-knife fell out of her husband's pocket. The deceased, after lingering for a few days, died from the gunshot wound thus inflicted.

The dying declarations of the deceased were pretty much the same as the above statements of deceased to his wife.

The defendant testified in his own behalf that a disagreement had existed between him and deceased for some time with reference to some financial and other matters, and that he could not get a settlement out of him and get him to pay a small balance which deceased owed him; that several threats by deceased against defendant had been communicated to defendant, and that on the day of the homicide he had gone down to the place where deceased was plowing for the purpose of fixing a gate; that defendant went there armed with a pistol, because of said previous threats by the deceased against him, and that after having fixed the gate he called the deceased to him at the fence for the purpose of trying to get a peaceable settlement of the matters between them, and that he so told the deceased as he came to him; that after some conversation between them with reference to the differences existing between them, the deceased called defendant a liar and hit him a glancing lick on the shoulder; that defendant jumped back and told deceased he did not come there for trouble, when deceased replied, "I will settle with you, you damned son-of-a-bitch; I will cut your guts out," and jumped over the fence towards defendant; that defendant told deceased to stop two or three times and backed twelve or fifteen feet; that deceased opened his knife as he came over the fence and that then defendant shot him while he was backing away from deceased; that defendant did not know when he shot the deceased; but after the smoke cleared away the deceased was back inside of the field on his hands and feet and after arising broke and ran away. Other essential facts are stated in the opinion.

*L. W. Dalton* and *T. T. Bouldin,* for appellant.—Cited cases in the opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by indictment preferred in the District Court of Motley County, on June 1, 1909, with the murder of one Charles H. Hand by shooting him with a pistol. Thereafter the venue of the case was changed to Baylor County, and upon a trial had in the last named county on August 20, appellant was found guilty of murder in the second degree and his punishment assessed at confinement in the State penitentiary for a period of ten years.

The killing was admitted, and was defended on the ground that it was done in self-defense. There was no eyewitness to the killing except the parties immediately involved, and the only testimony undertaking to give the particular facts thereof was adduced through the dying declarations of deceased and the evidence of appellant on the witness stand. So far as material the facts will be stated in connection with the several issues and matters discussed in the opinion.

1.  Complaint is made of the charge of the court on murder in the second degree, and this complaint is so obviously well taken as to admit of no doubt.  The 17th paragraph of the court's charge is in this language: "If you believe from the evidence, beyond a reasonable doubt, that the defendant in the county of Motley, and State of Texas, as alleged, with a deadly weapon or instrument well calculated and likely to produce death, by the manner in which it was used, did shoot and thereby kill Charles H. Hand, as charged in the indictment, you will find him guilty of murder in the second degree, and assess his punishment at confinement in the State penitentiary for any period that the jury may determine and state in their verdict, provided it be not less than five years."  This was objected to, and the correctness of it challenged by motion duly filed in the court below for reasons thus stated therein:

"a.  It does not require the killing to be unlawful.  b.  It does not require the killing to be upon implied malice.  c.  It commands a conviction even though the jury may have believed that the killing was under the immediate influence of sudden passion arising from an adequate cause.  d. It commands a conviction of second degree murder even though the jury may have believed that the killing was under the immediate influence of sudden passion arising from an adequate cause.  e.  It commands a conviction of a second degree murder even though the jury may have believed that the defendant killed the deceased in defense of himself from an unlawful attack on the part of the deceased.  f.  It commands a conviction if the jury found that defendant killed the deceased with a deadly weapon under any circumstances that may have arisen.  g.  It eliminates from the consideration of the jury every charge on manslaughter, every charge on self-defense, also the charge of the court defining implied malice, and leaves no other alternative or escape from a verdict of conviction of second degree murder unless they should have found that the weapon was not a deadly weapon, or that the shot inflicted by the defendant did not kill the deceased."

Practically all of these objections and criticisms are well taken. Almost this precise charge was condemned by this court in the case of Clark v. State, 51 Texas Crim. Rep., 519, and in the more recent case of Smith v. State, 57 Texas Crim. Rep., 585, 123 S. W. Rep., 698.  It seems from many appeals reaching us that trial courts are following this form, resulting in many reversals, and with a view of being helpful to the courts, and for their own use, we commend, where the issues of self-defense and manslaughter are in the case, the following form of charge on murder in the second degree after, of course, the formal definitions have been given in charge:

"If you believe from the evidence, beyond a reasonable doubt, that the defendant, with a deadly weapon or instrument reasonably calculated and likely to produce death by the mode and manner of its use, in sudden passion aroused without adequate cause and not in defense

of himself against an unlawful attack, real or apparent, reasonably producing a rational fear or expectation of death or serious bodily injury, and not under circumstances which would reduce the offense to the grade of manslaughter, with intent to kill, did unlawfully and with implied malice shoot and thereby kill said Charles H. Hand as charged in the indictment, you will find him guilty of murder in the second degree and assess his punishment at confinement in the penitentiary for any period that the jury may determine and state in their verdict, provided it be for not less than five years." This form of charge would, of course, only apply when both self-defense and manslaughter are raised in the evidence and properly defined in the charge.

2.   Complaint is made of the 26th paragraph of the court's charge on the law of self-defense. This paragraph of the court's charge is as follows:

"You are further instructed that in addition to his plea of not guilty the defendant in this case interposes the plea of self-defense, and upon this issue and as the law governing the same you are now instructed: Homicide is justifiable in the protection of the person from any unlawful and violent attack, and in such case all other means must be resorted to for the prevention of the injury, and the killing must take place while the person killed is in the act of making such unlawful and violent attack, or while the person killed is doing some hostile act or making some hostile demonstration that would, viewed from the standpoint of the slayer, produce in his mind a reasonable fear or expectation of death or of some serious bodily injury. The person who is thus violently attacked or against whom such hostile act or demonstration is made is not bound to retreat to avoid the necessity of killing his assailant. Applying the foregoing definitions to the facts of this case upon the issue now submitted to you, you are charged that defendant would be justified in killing the deceased if it is shown to have been done to prevent the deceased from murdering or maiming him, or if it is shown that at the very time of the killing or immediately preceding such killing deceased had made or was in the act of making some hostile demonstration toward the defendant such as would produce in his mind a reasonable fear or expectation of death or of some serious bodily injury; but in that case to justify the killing it must reasonably appear from the acts or words coupled with the acts of the deceased that he intended to murder, maim, or inflict some serious bodily injury upon the defendant, and the killing must have taken place while the deceased was in the act of committing such offense or after some act done by him showing evidently an intention to commit such offense. Therefore, if you believe from the evidence that the defendant at the time of the homicide believed that his life was in danger, such fear being produced by hostile acts on the part of the deceased, and that at the time he fired the fatal shot it reasonably appeared to him from all the circumstances of the case, viewed from the defendant's standpoint alone, that the deceased was about to cut him

with a knife, then the defendant would be justifiable, notwithstanding it may appear as a fact that defendant was in no danger at the time of the homicide, and if you so believe you will acquit him."

The particular criticism and objection to this charge is the inclusion therein of the words "in such case all other means must be resorted to for the prevention of the injury," and complaint is made that this puts, under the facts of this case, a greater burden on defendant than the law warrants, and does not permit an acquittal on reasonable appearance of danger, and was confusing and misleading. In this case the evidence of appellant tended to show the deceased was trying to cut and kill him with a knife when he shot him, and that he shot him to save his own life which he thought was in danger, and it is urged that this was undisputed in the evidence, and that there was no evidence that required a charge that "all other means must be resorted to for the prevention of the injury," and that under the facts of the case the charge complained of was erroneous. In support of this contention we are referred to the case of Casner v. State, 42 Texas Crim. Rep., 118. Judge Brooks, in that case, in discussing a charge somewhat similar to the one here given, speaking for the court, uses this language: "It is not the law of this State that 'all other means must be resorted' to, where defendant justifies a killing on the ground of self-defense, in order to prevent injury. If appellant killed deceased, and at the time he killed deceased, without any unlawful act on appellant's part, deceased was attempting to kill defendant, or it reasonably appeared to defendant, viewed from his standpoint alone, by words or acts, or both by words and acts, that deceased was about to make an unlawful attack upon the person of appellant, then in that event appellant would have the right to use whatever means were reasonably necessary to protect his life or his person from serious bodily injury. And this would be the case, although it might subsequently appear that appellant used more force and more violent means than were necessary to protect his life. In other words, appellant has a right to act upon danger or reasonable appearance of danger." The facts in the Casner case show that the means of assault used by deceased was by firing at Casner, and in this condition of the evidence such a charge as there given was manifestly misleading. We do not think that the broad rule stated by Judge Brooks would apply to the case here, under the evidence of the State. The State's evidence was to the effect, in substance, that deceased struck appellant with his hand, not a serious blow, and there was some evidence tending to show that he so struck him as a result of provocation. It is not the law in this State that for every trifling assault by one man upon another that his adversary has a right to kill him. We think, under the facts of this case, there was no error in giving the charge complained of, and that in the light of the entire charge, the court's instruction on the law of self-defense was neither erroneous nor harmful.

3. The next complaint urged by appellant is with reference to the

charge of the court on the law of provoking a difficulty. These criticisms are leveled at paragraphs 28 and 29 of the court's charge, which are as follows:

"28th: You are further instructed as a part of the law in this case, and as a qualification of the law of self-defense, that if a person by his own wilful and wrongful act brings about the necessity of taking the life of another to prevent being killed himself, he can not say or claim that such killing was in his own necessary self-defense; but the killing will be in such case imputed to malice by reason of the wrongful act which brought it about or malice from which it was done. The law is that he who wilfully brings on a difficulty in which he intends to wreak his malice and kill or inflict serious bodily injury upon the person with whom such difficulty is provoked, can not avail himself of the shield of self-defense, though his own life be imperilled in the difficulty, and that the slayer, if he provoked the contest or produced the occasion with the unlawful and wilful intention of killing the deceased or of doing him serious bodily injury, is guilty of murder, although he may have done the killing suddenly and without deliberation to save his own life. In such a case the law allows no justification, and no reduction of the grade of the homicide below that of murder. If you believe, therefore, from the evidence in this case, beyond a reasonable doubt that the defendant by his own wrongful acts (if any) went to where the deceased, Charles H. Hand, was killed, for the unlawful and wilful purpose of provoking a difficulty with him, with the unlawful and wilful purpose and intention to kill Charles H. Hand or inflict upon him serious bodily harm, and you further believe from the evidence beyond a reasonable doubt that the defendant did some act, or used language, or did both, with the unlawful and wilful intention of producing an occasion to bring on a difficulty and to kill or inflict serious bodily injury upon the deceased, Charles H. Hand, and that such acts or language or both of the defendant, if any such there were, were reasonably calculated under the circumstances at the time, to provoke a difficulty with the deceased, Charles H. Hand, and that such acts or language, or both (if any such there was), of the defendant, caused the deceased to attack the defendant with a knife or slap him with his hand, and the defendant, in pursuance of his original, unlawful and wilful intention to kill deceased or inflict upon him serious bodily harm, if any such intention he had, shot with a pistol and thereby killed Charles H. Hand in order to save his own life, then, if you so find, you are instructed that the defendant's plea of self-defense will not avail him, and the homicide would be murder in the first or second degree, and if you so find from the evidence, beyond a reasonable doubt, you will find the defendant, J. R. Best, guilty of murder in the first or second degree, according as the facts and circumstances may justify the jury in finding under instructions herein defining those grades of homicide, and assess the penalty as prescribed in this charge."

"29th:  If you find from the evidence beyond a reasonable doubt that the defendant did provoke a difficulty with the deceased, but you find that such difficulty was provoked (if any such was provoked) without any intention to kill or inflict serious bodily injury upon deceased, or if you have a reasonable doubt as to defendant's intention to kill or inflict upon deceased serious bodily harm, and suddenly and without deliberation you find that defendant shot with a pistol and thereby killed the deceased, Charles H. Hand, under the immediate influence of sudden passion arising from an adequate cause, as the same has been heretofore explained to you in this charge on pages 5 and 6 of the same, then if you so find you will find the defendant guilty of manslaughter  and  assess  his  punishment  as  prescribed  in  this charge."

Many complaints are urged to this portion of the court's charge.  In the first place, it is urged that the issue of provoking a difficulty is not in the case at all.  This, of course, involves a consideration of the entire statement of facts.  We think in view of the relations between the parties, the fact that appellant was armed, and in view of the fact that under all the evidence deceased was unarmed except his possession of a knife, and in view of the State's evidence that this knife was unopened, and the abusive language used towards deceased, related by him in his conversation with his wife, and other facts, the court was not only justified but was required to submit this issue to the jury. We believe, however, that some of the objections levelled at same must be held to be well taken.  In the 29th paragraph, stated above, the court, in substance, instructs the jury that if appellant provoked the difficulty without any intention to kill or inflict serious bodily injury, and suddenly and without deliberation did the act of killing under the immediate influence of sudden passion arising from adequate cause, the homicide, while not justifiable, would be manslaughter.   This charge is erroneous in that if appellant provoked the difficulty without intention to kill or inflict serious bodily injury, and with no intent at the time of provoking the difficulty at all, then he should not and would not be deprived of his right of self-defense.   Young v. State, 53 Texas Crim. Rep., 416, and Gray v. State, 55 Texas Crim. Rep., 90.  This charge is erroneous further on the ground that it authorizes a conviction of manslaughter if appellant provoked the difficulty and suddenly and without deliberation killed the deceased under the influence of sudden passion arising from an adequate cause even though the jury may have believed that the defendant killed the deceased in his own self-defense and with no intention at the time of provoking a difficulty, and although such killing was in self-defense.  The charge is further erroneous in that the jury were not therein instructed that although they believe that the words or the acts of appellant provoked said difficulty, but that at the time he did not intend so to do, that his right of self-defense would not thereby be prejudiced.   In addition to the authorities cited above, the following cases sustain and discuss

at length these matters. Cartwright v. State, 14 Texas Crim. App., 486; Gilcrease v. State, 33 Texas Crim. Rep., 619; Milraiey v. State, 33 Texas Crim. Rep., 577; Morgan v. State, 34 Texas Crim. Rep., 222; Abram v. State, 36 Texas Crim. Rep., 44; Casner v. State, 43 Texas Crim. Rep., 12; Reese v. State, 49 Texas Crim. Rep., 242, 91 S. W. Rep., 583; Renow v. State, 49 Texas Crim. Rep., 281, 92 S. W. Rep., 801; Wilson v. State, 46 Texas Crim. Rep., 523, 81 S. W. Rep., 34.

4. Complaint is made of the charge of the court on the subject of manslaughter, and particularly the 21st paragraph thereof. This paragraph is in this language: "Again, if you find from the evidence that at the time of the homicide deceased used angry and insulting words to the defendant and accompanied such with a hostile demonstration by drawing, or as if to draw a deadly weapon, or hitting or slapping defendant with his hand and that defendant's mind was so angered, enraged, or struck with sudden terror or resentment as to render it incapable of cool reflection, and that while laboring under such condition of mind he shot and killed deceased, you will find him guilty of manslaughter and assess his punishment as above prescribed." It is urged that this charge was erroneous, because under it the homicide could only be manslaughter if the hitting or slapping was accompanied by angry and insulting words on deceased's part, whereas the law is that the assault might and would reduce the homicide to manslaughter without any words, and in view of the dying declarations made in writing by deceased in which he admitted having hit and slapped defendant and that his act was not accompanied by any angry or insulting words, this paragraph was particularly harmful. As we interpret the paragraph, it seems to be in the disjunctive, and we would not feel authorized to reverse the case on account of this charge, though it must be confessed that it is not very aptly framed. We think, in this connection, that the defense of manslaughter is better and more fully submitted in the special charge requested by appellant which, in substance at least, should have been given. This charge is as follows: "You are charged that if you believe from the evidence beyond a reasonable doubt that the defendant, J. R. Best, shot and killed Charley Hand, and not under his right of self-defense, as self-defense is explained in the general charge, and yet you further believe from the evidence that such killing took place under the immediate influence of sudden passion such as anger, rage, resentment or terror or other emotions of the mind of the defendant arising from deceased having struck him or slapped him or struck at him or slapped at him if he did so strike or slap, or from an adequate cause as viewed by defendant under the facts and circumstances in evidence rendering the mind of defendant incapable of cool reflection, you will find the defendant only guilty of manslaughter, and so say by your verdict." In giving this special charge the words, "or from an adequate cause

as viewed by defendant under the facts and circumstances in evidence," should be omitted.

5.   We call attention to the fact that the charge of the court on provoking a difficulty is, as claimed, somewhat argumentative and was possibly calculated to impress the jury with the fact that in the opinion of the court appellant had provoked the difficulty.   It should be the aim and purpose of the court always to so submit the issues of fact to the jury as to avoid the possibility of intimating any view entertained by the court touching any contested issue of fact.

For the errors pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*