### BUD PATTON v. THE STATE.

#### No. 1074. Decided April 12, 1911.

**1.—Murder—Principals—Presence of Defendant.**

Where, upon trial of murder, the evidence raised the issue as to whether the defendant by act or words encouraged another who did the shooting, and also raised the issue of self-defence, and the court in his charge to the jury simply instructed them that if the defendant acted as principal as defined by the court to find him guilty, without applying the law to the facts, and refused defendant's special instructions thereon that the mere presence of defendant at the time of the homicide would not be sufficient, the same was reversible error.

**2.—Same—Charge of Court—Murder in the Second Degree—Self-Defense.**

Where, upon trial of murder, the evidence raised the issue of self-defence and the court's charge on murder in the second degree was so framed that defendant could be found guilty of that degree of murder even if he was acting in self-defence, and did not require that the killing must be done with malice nor instruct on the issue of manslaughter or self-defence in connection with said charge, the same was reversible error.

Appeal from the District Court of Victoria. Tried below before the Hon. John M. Green.

Appeal from a conviction of murder in the second degree; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*Dupree & Pool,* for appellant.—Upon the court's duty to charge the law on the issues arising from the evidence, and apply same thereto: Davis v. State, 55 Texas Crim. Rep., 495, 117 S. W. Rep., 159; O'Quinn v. State, 55 Texas Crim. Rep., 18, 115 S. W. Rep., 39; Goode v. State, 123 S. W. Rep., 597.

On the question of the court's charge on principals and the refusal of the requested charges thereon: Jackson v. State, 20 Texas Crim. App., 190; Burrell v. State, 18 Texas Crim. App., 713, 51 Texas Crim. Rep., 397; Swinger v. State, 102 S. W. Rep., 114; Freeman v. State, 52 Texas Crim. Rep., 500, 107 S. W. Rep., 1127; Lee v. State, 55 Texas Crim. Rep., 379, 116 S. W. Rep., 1153; Evans v. State, 55 Texas Crim. Rep., 450, 117 S. W. Rep., 167; Snell v. State, 56 Texas Crim. Rep., 246, 119 S. W. Rep., 852; Muhlhause v. State, 56 Texas Crim. Rep., 288, 119 S. W. Rep., 866; Stapleton v. State, 56 Texas Crim. Rep., 422, 120 S. W. Rep., 866; Duke v. State, 56 Texas Crim. Rep., 502, 120 S. W. Rep., 894; Wood v. State, 11 S. W. Rep., 678

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, his punishment being assessed at six years confinement in the penitentiary.

The facts disclose that at a social gathering Bud Mumford shot and killed Clint Green, using a pistol. While there is some evidence throwing doubt upon the fact that Mumford did the killing, it is of meager and slight weight. The theory of the State was, further, that appellant aided and encouraged Mumford in doing the killing. It is also the theory of the State that the killing was unnecessary. There is no evidence in the record from any source that appellant engaged in the homicide, unless it was, as above stated, by encouraging Mumford to do the shooting. Practically all the evidence the State had to show the connection of appellant with the homicide was just immediately before the shot was fired, when he was heard to exclaim, "Put it to him." There is some divergence in the testimony as to the exact expression or words used, but that is substantially correct. The fact that appellant made the statement was an issue upon the trial, and the evidence is not all one way. The appellant's theory was, even if Mumford did kill Green, that he did it in self-defense, and the evidence in this connection shows that there had been some previous difficulty between Green and Sanders, and in the general melee Green and Mumford became antagonistic. Green approached Mumford and struck him in the mouth and began backing off, throwing his hand to his hip pocket, whereupon Mumford fired. This is a sufficient statement, we think, of the evidence to bring in review the questions raised.

The court gave the general definition of principals, as found in the statute, and in applying the law of murder in both degrees, and manslaughter, he concluded the submission of these questions by stating if he acted as a principal, as hereinbefore defined, etc. There was no further attempt to apply the law of principals. Appellant asked several charges in regard to his connection with the matter. While they are not very aptly stated, yet they called the court's attention to the fact that the charge given was not sufficient. Appellant requested the court to charge the jury that the mere presence of appellant at the time of the homicide would not be sufficient; that he must do some act or encourage in some way Mumford in order to make him a principal. This was a serious issue on the trial. Upon another trial the law of principals should be more fully applied, and appellant's theory of the case given in charge to the jury, to the effect that his mere presence at the time and place of the homicide would not be sufficient; that he must do some act or use some words or do something which encouraged Mumford to do the killing, or the killing must have occurred by reason of some previous agreement. Of course, this must be given with the understanding that Mumford was not acting in self-defense. If he acted in self-defense appellant would not be guilty in acting with Mumford, if he did so act.

After giving the general definitions, the court thus applied the law of murder in the second degree:

"If you believe from the evidence, beyond a reasonable doubt, that the said Bud Mumford, in the county of Victoria and State of Texas, on the 2d day of March, 1908, with a pistol, being a deadly weapon, did shoot and thereby kill the said Clint Green, and that defendant was a principal, as hereinbefore defined, you will find defendant guilty of murder in the second degree, and assess his punishment," etc.

Quite a number of exceptions were urged to this charge in the motion for new trial. This charge, under our decisions, is clearly erroneous, and has been frequently condemned. See Clark v. State, 51 Texas Crim. Rep., 519; Smith v. State, 57 Texas Crim. Rep., 585; Best v. State, 58 Texas Crim. Rep., 327. There are other cases, but these are sufficient to show the current of authority. Under this charge appellant could be found guilty of murder in the second degree if Bud Mumford was acting in self-defense. It does not require that the killing be done with malice. Nor does it tell the jury that they must find that Mumford did not act in self-defense, or from the standpoint of manslaughter. In other words, if Mumford killed to save his life, as it was claimed by appellant that he did, he would be under the charge given guilty of murder in the second degree.

This necessitates a reversal of the case. In addition we call attention to the previous remarks in this opinion in regard to a more accurate and definite and pertinent application of the law of principals. Without going into a discussion of those matters, it is sufficient, we think, to call attention generally to it so that the charge upon another trial may be framed in accordance with the matters indicated. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*