## CLINT McDOWELL v. STATE.

### No. 2103.　Decided December 11, 1912.

**1.—Murder—Charge of Court—Murder in Second Degree.**

Where the court's charge authorized the conviction of defendant for murder in the second degree, although he may have killed in self-defense, or have been guilty of no higher offense than manslaughter, or even if it was an unintentional killing, the same was reversible error.　Following Clark v. State, 51 Texas Crim. Rep., 519, and other cases.

**2.—Same—Charge of Court—Specific Intent to Kill.**

Where, upon trial of murder, there was evidence of an unintentional killing, the court should have submitted a requested charge under Article 1149, Revised Penal Code, requiring a specific intent to kill deceased in order to sustain a conviction of murder.

**3.—Same—Charge of Court—Provocation.**

Where there was no other provocation than that which occurred at the time of the difficulty, the court should not have charged on a former provocation.

**4.—Same—Charge of Court—Accidental Killing—Self-defense.**

Where, upon trial of murder, there was evidence both as to an accidental killing and self-defense, these issues should have been given in a disconnected way, and so as not to impinge on the right of self-defense.

Appeal from the District Court of Collin.　Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of murder in the second degree; penalty, five year imprisonment in the penitentiary.

The opinion states the case.

*Clarence Merrit*, for appellant.—On question of the court's charge on murder in the second degree: Anderson v. State, 65 Tex. Crim. Rep., 365, 144 S. W. Rep., 281, and cases cited in opinion.

On question of specific intent to kill: Hardin v. State, 51 Tex. Crim. Rep., 559, 103 S. W. Rep., 401; Grant v. State, 55 Tex. Crim. Rep., 266, 143 S. W. Rep., 929.

On question of court's charge on accidental killing and self-defense: Vinson v. State, 55 Tex. Crim. Rep., 490, 117 S. W. Rep., 846.

On question of court's charge on former provocation: Gallagher v. State, 55 Tex. Crim. Rep., 50, 115 S. W. Rep., 46.

On question of court's charge on manslaughter: Rogers v. State, 149 S. W. Rep., 127; Blocker v. State, 61 Texas Crim. Rep., 413.

*C. E. Lane*, Assistant Attorney-General, for the state.—Cited cases in opinion.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder in the second degree, his punishment being assessed at five years confinement in the penitentiary.

Submitting the issue of murder in the second degree the court thus charged the jury: "If you believe from the evidence, beyond a reasonable doubt, that the defendant, in the County of Collin and State of Texas, on the 21st day of May, 1911, as alleged with a knife which was then and there from the manner of its use, a deadly weapon, did cut T. W. Allred and thereby kill T. W. Allred as charged in the indictment, you will find him guilty of murder in the second degree, and assess his punishment at confinement in the State penitentiary for any period that the jury may determine and state in their verdict, provided it be not less than five years." There was quite a number of exceptions to this charge urged below and insisted upon as grounds for reversal here. This charge has been condemned in many cases as being incorrect. It would authorize the conviction of appellant for murder in the second degree, although he may have killed in self-defense, or have been guilty of no higher offense than manslaughter, or even if it was an unintentional killing. For this error the judgment must be reversed. Clark v. State, 51 Texas Crim. Rep., 519; Best v. State, 58 Texas Crim. Rep., 327; Smith v. State, 57 Texas Crim. Rep., 585; Patton v. State, 62 Texas Crim. Rep., 71; Anderson v. State, 65 Tex. Crim. Rep., 365, 144 S. W. Rep., 281.

It is contended the court erred in not charging the provisions of article 1149 of the Revised Penal Code, to the effect that if they believed defendant killed the deceased under the influence of sudden passion, but by the use of means not calculated to produce death, that defend-

ant would not be guilty of homicide unless it appeared that there was a specific intent on the part of the defendant to kill the deceased. It seems that the evidence in this connection raised several issues: First, that appellant intentionally stabbed the deceased; second, that it was an accident; third, that appellant did not intend to kill deceased; fourth, that he was acting in self-defense, and, fifth, that the facts presented manslaughter. The weapon used was a pocket knife. This weapon, of course, might or might not be a deadly weapon, owing to the manner of its use and the attendant circumstances. Some of the evidence for the State indicates that appellant intentionally stabbed the deceased, and under circumstances that did not suggest self-defense or manslaughter. Several witnesses testified that the trouble came up between two other parties than the defendant and deceased, and appellant said, "Let them have a fair fist fight." The deceased interfered and used violent epithets towards appellant, and struck him one or more licks, causing pain and blood-shed; that appellant was backing away, and did back fifteen or eighteen feet from the deceased who was following him up, inflicting the blows mentioned. Appellant's testimony would suggest that he was acting in self-defense; that he had his knife in his hand whittling at the time of the difficulty, and was squatting down or was kneeling down on the ground at the time deceased first struck him. The testimony all shows without contradiction that defendant and deceased were young men barely grown, had been intimate friends and "chums," and so far as the record is concerned they seemed not to have had any previous difficulty. Some of the testimony shows just immediately prior to the trouble they had their arms around each other, both somewhat under the influence of intoxicants. This was in a friendly manner. It may be stated as an undisputed fact from the evidence that the difficulty came up all in a moment, and that there was no ill-will or grudge between them prior to the incidents of the fight itself. Appellant testified he did not intend to kill his heretofore friend. We are of opinion under these circumstances upon another trial the court should submit to the jury the provisions of the article referred to.

Another error is assigned on the charge of the court with reference to manslaughter. The court instructed the jury in this connection, that the provocation must arise at the time and must not be caused or brought about by any former provocation, etc. Upon another trial the charge should be limited to the facts. There was no provocation testified to by any witness other than the licks inflicted by deceased upon appellant at the time of the difficulty.

The court charged the law of self-defense from real and apparent danger, then followed it immediately with this charge: "If you find and believe from the evidence that Wood Allred was advancing on the defendant and striking at him, and you further believe from the evidence that the defendant had a knife in his hand, which he had had in his hand and was whittling with before the trouble commenced,

and that while defendant was backing and attempting to ward off the blows of Wood Allred, and you further believe from the evidence while warding off the blows of his assailant that he struck Wood Allred with the knife unintentionally and accidentally and with no intent to injure or hurt him, then you will acquit the defendant and say by your verdict not guilty.'' The criticism of this charge as it is given seems to be correct. This would indicate an infringement on the right of self-defense. If appellant was warding off the blows of the deceased, who was striking at him while appellant was retreating, and by this means he cut the deceased with his knife and with no intent to injure, they should acquit. If under those circumstances he struck the deceased with the knife with or without intent, he might be not guilty, and stand upon his right of self-defense. Upon another trial the question of accidental cutting of the deceased should be given disconnected with the theory of self-defense, or at least given in such way as not to infringe the right of self-defense.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*