JEWELL GARLAND V. THE STATE.

No. 10421. Delivered February 9, 1927.

**1.—Murder—Charge of Court—On Manslaughter—Erroneously Refused.**

Where the evidence on a trial for murder fairly presents the issue of manslaughter, it is error for the trial court to fail to submit this issue, even though the testimony of the appellant predicates the homicide upon another and different theory.

**2.—Same—Continued.**

"It is not necessary that the testimony of the accused be that which raises the issue of manslaughter. Indeed he may assert that the killing was attributable to another cause than passion, but if the facts of the case in evidence fairly tend to indicate a homicide resulting from such

emotion of the mind as renders it incapable of cool reflection, it becomes the duty of the trial court to submit the issue of manslaughter, and leave it to the jury to ascertain whether or not such killing was the result of such cause, and whether or not such cause was adequate." See Steen v. State, 88 Tex. Crim. Rep. 257; Pickens v. State, 86 Tex. Crim. Rep. 657, and other cases cited.

Appeal from the District Court of Tyler County. Tried below before the Hon. Thos. B. Coe, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

*J. A. Mooney, Sr.,* and *J. A. Mooney, Jr.,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for murder, punishment being confinement in the penitentiary for five years.

The party killed was Jim Lewis. The evidence shows that appellant and deceased were friends. The killing of Lewis resulted from a shot fired by appellant at one Mitchell. There is no controversy about the facts leading up to the shooting. Appellant was operating a dance hall. On the night of the killing he and Mitchell became involved in some trouble at the hall. Mitchell struck appellant over the eye with a bench, knocking him down and inflicting a wound which left a considerable scar. Appellant left the dance hall, went a short distance and secured a gun and returned to the hall looking for Mitchell. It is in evidence that the gun was not loaded at the time appellant returned to the hall; that Lewis (deceased) found a shell with which appellant loaded the gun. Not finding Mitchell, appellant left the hall and went to the home of one Leggington to wash his wound, leaving word with deceased (Lewis) to close up the hall and bring appellant the key. This Lewis did and in company with Leggington was on his way home. Just as they were approaching the house Mitchell ran up behind them. They did not know who it was, but appellant asked if it was Mitchell. Receiving no reply, appellant said, "Now I have got you," and as Mitchell turned to run through the house appellant fired at him, the shot striking Lewis, resulting in his death the next day. Immediately upon discovering that he had shot Lewis appellant picked him up saying he did not intend to shoot him. The killing occurred within fifteen or twenty minutes from the time appellant had been knocked down by Mitchell at the hall.

Upon this state of the record the court charged the jury that if appellant acted in his own self defense in firing at Mitchell and the shot struck Lewis appellant should be acquitted, but declined to charge upon manslaughter. In this respect we think the learned trial judge fell into error. He must have based his refusal to charge on manslaughter on a statement made by appellant while testifying in his own behalf that he was mad at Mitchell for having struck him on the head and was angry when he went after the gun and when he returned to the hall; that he was not mad when he went up to the house to wash his wound; that he got in a good humor and decided to let it go. However, he also testified that he was very much afraid of Mitchell and thought when he came running up behind Leggington and deceased that he was going to renew an attack upon him and thought he meant to kill him and that was the reason he shot. He further said:

"I shot at Lewis Mitchell because he had hit me. * * * I did not shoot him just because I was mad, nor because of the difficulty down there (at the hall) * * * If he had not come up there running towards me I would not have shot him."

It is well settled in this state that if the evidence upon the whole case raised the issue of manslaughter it is the duty of the court to submit that issue to the jury, although the evidence of accused himself might exclude the issue. Upon this point we quote from Steen v. State, 88 Tex. Crim. Rep. 257, 225 S. W. 529;

"* * * It is not necessary that the testimony of the accused be that which raises the issue of manslaughter. Indeed, he may assert that the killing was attributable to another cause than passion; but if the facts of the case in evidence fairly tend to indicate a homicide resulting from any such emotion of the mind as renders it incapable of cool reflection, it becomes the duty of the trial court to submit manslaughter, and leave it to the jury the ascertainment of whether or not such killing was the result of such cause, and whether or not such cause was adequate."

Upon the same point see Pickens v. State, 86 Tex. Crim. Rep. 657, 218 S. W. 755.

To our minds the issue of manslaughter seems to be raised in two ways. Appellant had been knocked down by Mitchell and a wound inflicted which evidently caused pain or bloodshed. If within twenty minutes thereafter appellant fired at Mitchell as a result of passion engendered by the previous assault, and there had not been sufficient "cooling time" for appellant's mind to regain its composure, which was a question for the jury, the

issue of manslaughter would arise upon that phase. It also occurs to us that it would arise upon the general conditions shown from the evidence. Mitchell had knocked appellant down a few minutes before. He says he thought Mitchell was about to renew the attack when he came running up in the dark behind Leggington and deceased and declined to answer when appellant asked if it was not he. It would be a question whether these circumstances were sufficient to arouse in a person of ordinary temper that degree of fear, resentment or terror as would render the mind incapable of cool reflection, and whether it did have that effect on appellant and he fired at Mitchell while in this state of mind and killed Lewis.

The same facts which raise the issue of self defense also frequently raise the issue of manslaughter, and where the matter is doubtful a charge upon manslaughter should be given. In the present case the jury evidently did not accept as true appellant's statement that he fired in self defense, but if permitted to pass upon the issue might have found that he was acting under the influence of passion aroused by an adequate cause at the time he fired. We do not discuss the matter at length. For other authorities bearing upon the proposition the following cases are cited: Lewis v. State, 89 Tex. Crim. Rep. 345, 231 S. W. 113; Lara v. State, 89 S. W. 840; Miller v. State, 105 S. W. 502; Green v. State, 126 S. W. 860; Williams v. State, 136 S. W. 771.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*